UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:11-cv-00097-MOC

| | |
|---|---|
| **LANDMAR, LLC, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **WELLS FARGO BANK, N.A.,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's Motion to Strike Plaintiffs' Jury Demand. The issue has been thoroughly briefed by the parties.

While this court would prefer that the factual issues in this matter be resolved by a jury, Herron v. Southern Pacific Co., 283 U.S. 91 (1931), it is undisputed that plaintiffs waived their right to a jury trial in their agreement with defendant's predecessor. The fact that plaintiffs may or may not have had a full understanding of the nature of an interest rate swap is of no consequence when considering whether the plaintiffs' waiver of their right to a jury trial to resolve any dispute that could arise from such transaction was knowingly and voluntarily given. The decision of the Court of Appeals for the Fourth Circuit in Leasing Serv. Corp. v. Crane, 804 F.2d 828, 832-33 (4th Cir. 1986), controls this court's review of such waiver. Plaintiff's reliance on IFC Credit Corp. v. United Bus. & Indus. Federal Credit Union, 512 F.3d 989, 991-92 (7th Cir. 2008), is misplaced. Not only is such decision contrary to the Fourth Circuit precedent this court is obliged to follow, this case is before the court based on federal question, not diversity, jurisdiction. Indeed, whether a waiver of a jury trial on a federal claim is valid has long been

1

held to be "a federal question controlled by federal law." Brookhart v. Janis, 384 U.S. 1, 4 (1966).

Turning to the test in Crane, Wells Fargo, as "the party seeking enforcement of the waiver must prove that consent was both voluntary and informed." Crane, 804 F.2d at 833. Courts look to a totality of the circumstances in determining whether a party entered into a contractual jury waiver provision knowingly and voluntarily. Id. While plaintiffs argue that they did not understand the swap agreement, they fail to provide any evidence that they did not understand the jury trial waiver provision made part of that was ancillary or made part of that agreement. Here, it is undisputed that the two members behind the corporate plaintiffs are college educated with years of business experience. While the court appreciates their argument that plaintiffs were unfamiliar with and did not understand the financial implications of a swap agreement, there is no evidence that plaintiffs were unfamiliar with what a jury trial was, that such was an important right, or that the waiver meant they would not receive a jury trial if the swap agreement result in litigation. As to voluntariness, it appears that plaintiffs are arguing that by the time they signed on to the swap agreement, they had their backs to the wall, voiding the waiver. Taking all inferences from such argument in plaintiffs' favor, waivers of substantial constitutional or statutory rights need not be pressure free to be voluntary. Lake James Cmty. Volunteer Fire Dep't, Inc. v. Burke Cnty., 149 F.3d 277, 281 (4th Cir. 1998). While plaintiffs argue that their counsel could not have represented them at closing based on a contention that such attorney also represented defendant, there appears to be no support for such contention of unethical attorney conduct. See Proposed 2013 Ethics Opinion 14, N.C.S.B. In any event, plaintiffs have not shown that they sought advice or assistance from counsel in explaining or negotiating the waiver or that such counsel was not provided. This court is keenly aware that

2

less sophisticated borrowers, especially credit card and other consumer borrowers, routinely waive the even more basic right to trial in disputes with lenders, ending up in arbitration which courts routinely enforce. Here, the sophistication of the members comprising plaintiffs was made readily apparent in considering not only the instant motion, but the summary judgment motion. Having considered the totality of the circumstances as outlined in the briefs, and finding the waiver to be knowing and voluntary, the court will grant defendant's motion and strike the jury demand.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Strike Plaintiffs' Jury Demand (#70) is **GRANTED**, and the jury demand is stricken.

The parties are advised that although this is Statesville Division case, it is on the February 2014 Civil Trial Calendar in Charlotte. That term commences February 18, 2014, and the court expects to reach this matter during that term as it appears to be the oldest case on the court's docket.

The Clerk of Court is instructed to set and notice this matter for a Final Pretrial Conference on January 15, 2014, at 2 p.m.

Signed: December 18, 2013

Max O. Cogburn Jr.
United States District Judge