UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:11-cv-00097-MOC

| | | |
|---|---|---|
| **LANDMAR, LLC, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **WELLS FARGO BANK, N.A.,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Apply Law of the Case Doctrine (#76) and Motion to Strike Punitive Damages Claim (#78). After the issues were briefed, the court conducted a hearing at which oral arguments were presented. Having considered the arguments, briefs, and additional cases cited at the hearing, the court enters the following findings, conclusion, and Order.

**FINDINGS and CONCLUSIONS**

**I.   Motion to Apply Law of the Case**

As to the Motion to Apply Law of the Case Doctrine, defendant seeks dismissal of plaintiff's unfair and deceptive trade practices act ("UDTPA") claim by foreclosing plaintiffs from basing their UDTPA claim upon: (1) the alleged Hedging Misrepresentation, (2) the alleged Proxy Misrepresentation, (3) the alleged Market Rate Misrepresentation and/or (4) Wells Fargo's alleged failure to disclose the risk that rates for a future fixed-rate loan could increase while one-month LIBOR could decrease (hereinafter "Basis Risk"). Such law of the case argument is based on this court's October 13, 2013, Order, which granted partial summary judgment based on the finding therein that as to: (1) the alleged Proxy Misrepresentation, dismissal there was no

1

evidence that any such misrepresentation was ever made; (2) the alleged Market Rate Misrepresentation, dismissal because even if there was such a misrepresentation, plaintiffs could not reasonably rely upon it as a matter of law; (3) the alleged Hedging Misrepresentation, because such a representation, if made, was true; and (4) as to the alleged Basis Risk ,because the Order specifically holds that Wells Fargo had no duty to disclose any such Basis Risk. Although such motion appears to be meritorious (and in parts has been conceded by plaintiffs), the court will deny such motion without prejudice inasmuch as any error in letting it go forward would be harmless in a bench trial and the court wants to have a complete record for reconsideration of the request at the close of the evidence.

## II.     Motion to Strike Claim for Punitive Damages

As to the Motion to Strike Punitive Damages Claim, defendants have moved to strike such demand as there is no claim remaining for which punitive damages may be awarded. Only plaintiffs' unfair and deceptive trade practices act ("UDTPA") claim and their anti-tying claim under the Bank Holding Company Act, 12 U.S.C. §§ 1972, 1975, survived summary judgment. At the hearing, plaintiffs argued that it was for them to make an election of remedies as to whether to seek common law punitive damages or treble damages under the UDPTA at trial.

In Kim v. Prof'l Bus. Brokers Ltd., 74 N.C.App. 48, 52-53 (1985), the North Carolina Court of Appeals held that

> if unfair methods of competition or unfair or deceptive acts or practices in or affecting commerce under G.S. 75-1.1 are found, the court must treble the damages awarded. The determination of whether an act or practice affects commerce and is unfair or deceptive is to be made by the court.

Id. The UDTPA determination requires a "two part inquiry: (1) whether the act or practice affects commerce, and (2) whether the act or practice is unfair or deceptive." Id. at 53. For purposes of North Carolina's UDTPA "'commerce' includes all business activities, however

2

denominated, but does not include professional services rendered by a member of a learned profession," N.C. Gen.Stat. § 75-1.1(b), and this section "has been broadly applied to cover many activities." Kim, 74 N.C.App. at 53. See Volumetrics Medical Imaging, Inc. v. ATL Ultrasound, Inc., 2003 WL 21650004 (M.D.N.C. July 10, 2003). Actual damages awarded for a violation of the UDTPA pursuant to N.C.Gen.Stat. § 75-1.1 are trebled automatically. See N.C. Gen.Stat. § 75-16; Pinehurst, Inc. v. O'Leary Bros. Realty, 79 N.C.App. 51, 61, *disc. review denied*, 316 N.C. 378 (1986).

Where a plaintiff has a UDPTA claim *and* a fraud claim that go to the jury, North Carolina law clearly provides that while a plaintiff may only have one recovery, he need not elect between treble damages for a UDTPA violation and punitive damages for a fraud violation until after the jury has returned its verdict, to wit, at the time of judgment. The North Carolina Court of Appeals has long held that a

> plaintiff should be allowed to elect her remedy after the jury's verdict. Our appellate courts have clearly held that actions may assert both G.S. 75-1.1 violations and fraud based on the same conduct or transaction and that plaintiffs in such actions may receive punitive damages or be awarded treble damages, but may not have both. *See Marshall v. Miller*, 47 N.C.App. 530, 268 S.E.2d 97 (1980), *modified and aff'd,* \*427 302 N.C. 539, 276 S.E.2d 397 (1981); *see also Bicycle Transit Authority v. Bell*, 314 N.C. 219, 333 S.E.2d 299 (1985); *Borders v. Newton*, 68 N.C.App. 768, 315 S.E.2d 731 (1984). These cases do not directly address the question of when the plaintiff in such cases must elect the basis of recovery. We hold that it would be manifestly unfair to require plaintiffs in such cases to elect before the jury has answered the issues and the trial court has determined whether to treble the compensatory damages found by the jury and that such election should be allowed in the judgment. Hence, we remand this case for such an election, which should be made by plaintiff by a motion in the cause. When plaintiff has made her election, a new judgment should be entered vacating the first judgment and allowing plaintiff recovery based on her election.

Mapp v. Toyota World, Inc., 81 N.C.App. 421, 426-427 (1986).

Unlike the situation in Mapp, however, there is no surviving fraud claim in this case, only a UDTPA claim under state law and an anti-tying claim under federal law. Just as plaintiff's

3

federal remedy is prescribed by the statute providing the cause of action (see 12 U.S.C. § 1975 (a civil litigant injured due to a violation of §1972 is "entitled to recover three times the amount of the damages sustained by him, and the cost of suit, including a reasonable attorney's fee"), damages available for plaintiff's only surviving state statutory claim are controlled by the UDPTA, which provides for trebling of actual damages. N.C.Gen.Stat. § 75-16. Thus, plaintiffs' election-of-remedies argument finds no support as their remedies are provided by the statute and do not include punitive damages. Defendant's motion will be granted.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Apply Law of the Case Doctrine (#76) is **DENIED** without prejudice as to reasserting such argument at the close of the evidence. Defendant's Motion to Strike Punitive Damages Claim (#78) is **GRANTED**, and the demand for punitive damages is stricken.

Signed: January 29, 2014

Max O. Cogburn Jr.
United States District Judge